# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAJON D. DANIEL,

             Plaintiff,

v.

CLAYTON HOUSLER,

             Defendant.

Case No. 25-CV-1978-JPS

**ORDER**

Plaintiff Dajon D. Daniel, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. ECF No. 1. On May 12, 2026, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 13. On June 2, 2026, Plaintiff filed an amended complaint. ECF No. 14. This Order screens the amended complaint and denies Plaintiff's motion for a status update, ECF No. 15, as moot.

## 1. SCREENING THE AMENDED COMPLAINT

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2    Plaintiff's Allegations

In his amended complaint, Plaintiff alleges that Defendant Daniel Housler ("Housler") used excessive force on him on July 29, 2025, when Housler kicked him in the head. ECF No. 14 at 2–3. During this incident, another inmate had a solid grip around Plaintiff's neck and was using Plaintiff's body to shield himself from OC spray. *Id.* at 3. Another inmate

went into the shower stall and tried to help Plaintiff but was unsuccessful. *Id.* Housler claimed there was not enough room in the shower stall for him to get in and remove the inmate's arm from around Plaintiff's neck. *Id.* at 3–4. Plaintiff believes that Housler's actions were unreasonable because Housler is larger in size than the other inmate. *Id.* at 4. Plaintiff believes Housler should have applied a pressure point instead and that Housler panicked and lost control of the situation. *Id.* Plaintiff received a concussion as a result of Housler's action. *Id.*

### 1.3 Analysis

Similar to the first screening order, the Court does not find that Housler's actions rose to the level of a constitutional violation. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Here, Plaintiff alleges that Housler kicked him in the head in an attempt to stop another inmate from choking him. Prison staff's use of OC

Case 2:25-cv-01978-JPS     Filed 07/28/26     Page 3 of 5     Document 16

spray was not working to break up the fight because the other inmate was using Plaintiff's body as a shield from the spray. An inmate choking another inmate was a very serious incident that required swift action from prison officials to protect Plaintiff. Plaintiff's allegations show that Housler's use of force was applied in a good-faith effort to maintain or restore discipline. No allegations show that Housler acted maliciously or sadistically to cause Plaintiff harm. While it is of course unfortunate that Plaintiff was injured as a result, the Court does not find that the allegations in the amended complaint rise to the level of a constitutional claim. As such, the Court finds that Plaintiff fails to state an Eighth Amendment claim.

## 2. CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss the case for Plaintiff's failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a status update, ECF No. 15, be and the same is hereby **DENIED as moot**;

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.